DISCIPLINARY COUNSEL *v.* SPATES.

[Cite as *Disciplinary Counsel v. Spates,* **128 Ohio St.3d 435, 2011-Ohio-1526.**]

*Unauthorized practice of law — Preparing bankruptcy documents beyond the initial petition and giving legal advice to clients — Consent decree — Injunction issued and civil penalty imposed.*

(No. 2010-2121 — Submitted January 19, 2011 — Decided April 6, 2011.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 10-04.

_____

**Per Curiam**.

{¶ 1} Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized Practice of Law has recommended our approval of a consent decree proposed by relator, Disciplinary Counsel, and respondent, Joseph-Mario Spates. We accept the board's recommendation and approve the proposed consent decree submitted by the parties, as follows:

{¶ 2} "**I. AGREED FACTS**

{¶ 3} "1. Respondent, Joseph-Mario Spates, is a natural person whose address is 2733 Market Street, Youngstown, Ohio 44507.

{¶ 4} "2. Respondent is not an attorney-at-law in the State of Ohio admitted pursuant to Gov.Bar R. I, registered pursuant to Gov.Bar R. VI, or certified pursuant to Gov.Bar R. II, Gov.Bar R. IX or Gov.Bar R. XI.

{¶ 5} "3. Since 1990, Respondent has been employed [as] a bankruptcy petition preparer (BPP), pursuant to [Section 110, Title 11, U.S.Code.]

{¶ 6} "4. Respondent operates his BPP business under the business name 'Bankruptcy For Less' at his office located at 6 West Federal Plaza, Youngstown, Ohio 44503.

**{¶ 7}** "5.  Respondent's business name may represent to the public that he can provide legal representation in bankruptcy cases for less than the usual cost.

**{¶ 8}** "6.  Respondent is the sole employee of 'Bankruptcy For Less.'

**{¶ 9}** "7.  Respondent solicits clients through his website, newspaper ads, and referrals offering his services as an inexpensive alternative to the high cost of bankruptcy attorney fees.

**{¶ 10}** "8.  Pursuant to [Section 110, Title 11, U.S.Code], respondent's authorized activity as a BPP is limited to typing information provided by the debtor/petitioner onto a bankruptcy-petition 'form' created by the bankruptcy court that the debtor/petitioner may then file in the bankruptcy court pro se.

**{¶ 11}** "9.  Since October 31, 2005, the presumptive maximum allowable fee that a BPP may charge to prepare a bankruptcy petition, as set forth in General Order 05-3, is $125.

**{¶ 12}** "10.  Pursuant to [Section 110, Title 11, U.S.Code], respondent, as a BPP, is not authorized to (1) give legal advice, (2) prepare court documents for a debtor/petitioner beyond the initial petition, or (3) provide a debtor/petitioner with or direct him to samples of court documents to be relied upon in drafting documents to [be] filed with the court.  The performance of any of these activities by a BPP, not licensed to practice law, constitutes the unauthorized practice of law (UPL).

**{¶ 13}** "**COUNT 1 - HARRIS**

**{¶ 14}** "11.  By October 2005, Ruth Harris, an Ohio resident, had hired Respondent to prepare her Chapter 7 bankruptcy petition.

**{¶ 15}** "12.  Harris paid Respondent at least $175 for his services.

**{¶ 16}** "13.  During this time, Respondent gave Harris legal advice concerning the filing and litigation of her Chapter 7 bankruptcy case, filed in the

United States Bankruptcy Court for the Northern District of Ohio under Case No. 05-48762 on October 14, 2005.

{¶ 17} "14.  During the pendency of the bankruptcy case, Respondent prepared a notice to amend for Harris that she filed in her bankruptcy case.

{¶ 18} "15.  At all times relevant to the allegations contained in Count 1, Respondent was not an attorney licensed to practice law in the State of Ohio or before the federal bankruptcy court and was not qualified to provide legal representation on any matter.

{¶ 19} "**COUNT 2 - COOPER**

{¶ 20} "16.  By October 2005, Tammie Cooper, an Ohio resident, had hired Respondent to prepare her Chapter 7 bankruptcy petition.

{¶ 21} "17.  Cooper paid Respondent at least $175 for his services.

{¶ 22} "18.  During this time, Respondent gave Cooper legal advice concerning the filing and litigation of her Chapter 7 bankruptcy case, filed in the United States Bankruptcy Court for the Northern District of Ohio under Case No. 05-48862 on October 14, 2005.

{¶ 23} "19.  During the pendency of the bankruptcy case, Respondent prepared a notice to amend for Cooper that she filed in her bankruptcy case.

{¶ 24} "20.  At all times relevant to the allegations contained in Count 2, Respondent was not an attorney licensed to practice law in the State of Ohio or before the federal bankruptcy court and was not qualified to provide legal representation on any matter.

{¶ 25} "**COUNT 3 - RICHARD**

{¶ 26} "21.  By January 2006, Eric and Essie Richard, Ohio residents, had hired Respondent to prepare their Chapter 7 bankruptcy petition.

{¶ 27} "22.  The Richards paid Respondent $175 for his services.

{¶ 28} "23.  During this time, Respondent gave the Richards legal advice concerning the filing and litigation of their Chapter 7 bankruptcy case, filed in the

United States Bankruptcy Court for the Northern District of Ohio under Case No. 06-40080 on January 31, 2006.

{¶ 29} "24.  During the pendency of the bankruptcy case, Respondent prepared court documents for the Richards that they filed in their bankruptcy case.

{¶ 30} "25.  As a result of Respondent's UPL activity in the Richard case, on April 14, 2006, the bankruptcy court issued an order enjoining Respondent from acting as a BPP for one year.

{¶ 31} "26.  At all times relevant to the allegations contained in Count 3, Respondent was not an attorney licensed to practice law in the State of Ohio or before the federal bankruptcy court and was not qualified to provide legal representation on any matter.

{¶ 32} "**COUNT 4 - TOMLIN**

{¶ 33} "27. By September 2007, Dianna Tomlin, an Ohio resident, had hired Respondent to prepare her Chapter 7 bankruptcy petition.

{¶ 34} "28.  Tomlin paid Respondent $125 for his services.

{¶ 35} "29.  At this time, Respondent discussed the legal consequences of Chapter 7 and Chapter 11 bankruptcies with Tomlin and advised her to file a Chapter 7 bankruptcy.

{¶ 36} "30.  Tomlin accepted Respondent's legal advice, Respondent prepared her bankruptcy petition, and Tomlin filed the Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Northern District of Ohio under Case No.  07-42229 on September 10, 2007.

{¶ 37} "31.  During the pendency of the bankruptcy case, Respondent continued to give Tomlin legal advice and prepared for Tomlin the following documents that she filed in her bankruptcy case:  a notice to amend, a declaration of Tomlin's schedules, and a motion for extension of time.

{¶ 38} "32.  At all times relevant to the allegations contained in Count 4, Respondent was not an attorney licensed to practice law in the State of Ohio or

before the federal bankruptcy court and was not qualified to provide legal representation on any matter.

**{¶ 39}** "**COUNT 5 – THOMSON**

**{¶ 40}** "33.  By September 2007, James and Iona Thomson, Ohio residents, had hired Respondent to prepare their Chapter 7 bankruptcy petition.

**{¶ 41}** "34.  The Thomsons paid Respondent $125 for his services.

**{¶ 42}** "35.  During this time, Respondent gave the Thomsons legal advice concerning the filing and litigation of their Chapter 7 bankruptcy case, filed in the United States Bankruptcy Court for the Northern District of Ohio under Case No.  07-42422 on September 27, 2007.

**{¶ 43}** "36.  During the pendency of the bankruptcy case, Respondent prepared two notices to amend and two motions for extension of time for the Thomsons that they filed in their bankruptcy case.

**{¶ 44}** "37.  At all times relevant to the allegations contained in Count 5, Respondent was not an attorney licensed to practice law in the State of Ohio or before the federal bankruptcy court and was not qualified to provide legal representation on any matter.

**{¶ 45}** "**COUNT 6 – DAVIS**

**{¶ 46}** "38.  By December 2007, Marguerite Davis, an Ohio resident, had hired Respondent to prepare her Chapter 7 bankruptcy petition.

**{¶ 47}** "39.  Davis paid Respondent $125 for his services.

**{¶ 48}** "40.  During this time, Respondent gave * * * Davis legal advice concerning the filing and litigation of her Chapter 7 bankruptcy case, filed in the United States Bankruptcy Court for the Northern District of Ohio under Case No. 07-19578 on December 19, 2007.

**{¶ 49}** "41.  During the pendency of the bankruptcy case, Respondent prepared for Davis the following documents that she filed in her bankruptcy case:

a motion to withdraw petition, an amended motion to withdraw petition, and a notice to amend.

**{¶ 50}** "42. At all times relevant to the allegations contained in Count 6, Respondent was not an attorney licensed to practice law in the State of Ohio or before the federal bankruptcy court and was not qualified to provide legal representation on any matter.

**{¶ 51}** "**COUNT 7 – JOHNSON**

**{¶ 52}** "43. By January 2008, Harold Johnson, an Ohio resident, had hired Respondent to prepare his Chapter 7 bankruptcy petition.

**{¶ 53}** "44. Johnson paid Respondent $125 for his services.

**{¶ 54}** "45. During this time, Respondent gave Johnson legal advice concerning the filing and litigation of his Chapter 7 bankruptcy case, filed in the United States Bankruptcy Court for the Northern District of Ohio under Case No. 08-40050 on January 9, 2008.

**{¶ 55}** "46. During the pendency of the bankruptcy case, Respondent prepared a response to a show cause order and two notices to amend for Johnson that he filed in his bankruptcy case.

**{¶ 56}** "47. At all times relevant to the allegations contained in Count 7, Respondent was not an attorney licensed to practice law in the State of Ohio or before the federal bankruptcy court and was not qualified to provide legal representation on any matter.

**{¶ 57}** "**COUNT 8 – SHUSTER**

**{¶ 58}** "48. On September 8, 2005, Mary Jo Shuster filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio under Case No. 05-45399 that resulted in the discharge of various debts by an order issued on December 7, 2005.

**{¶ 59}** "49. Two years later, JP Morgan Chase Bank sought to foreclose on Shuster's home and she contacted Respondent for assistance.

{¶ 60} "50. After Shuster explained her situation to Respondent, he advised Shuster to reopen her bankruptcy case and then initiate adversary proceedings to have the JP Morgan Chase Bank debt discharged.

{¶ 61} "51. To assist Shuster, Respondent provided her with samples of a motion to reopen and a complaint for adversary proceedings that Shuster relied upon to prepare her motion and complaint that she filed with the bankruptcy court under Case Nos. 05-45399 and 08-04014.

{¶ 62} "52. Shuster did not pay Respondent anything for his services.

{¶ 63} "53. At all times relevant to the allegations contained in Count 8, Respondent was not an attorney licensed to practice law in the State of Ohio or before the federal bankruptcy court and was not qualified to provide legal representation on any matter.

{¶ 64} "54. As a result of Respondent's UPL activity in Shuster's cases, on May 13, 2008, the bankruptcy court issued an order enjoining Respondent from acting as a BPP for one year.

{¶ 65} **"COUNT 9 - SHAVERS**

{¶ 66} "55. By August 2009, Cheryl Shavers, an Ohio resident, had hired Respondent to prepare her Chapter 7 bankruptcy petition.

{¶ 67} "56. Respondent charged Shavers $125 for his services but she has only paid $50.

{¶ 68} "57. During this time, Respondent gave Shavers legal advice concerning the filing and litigation of her Chapter 7 bankruptcy case, filed in the United States Bankruptcy Court for the Northern District of Ohio under Case No. 09-43053 on August 12, 2009.

{¶ 69} "58. During the pendency of the bankruptcy case, Respondent prepared a notice to amend for Shavers that she filed in her bankruptcy case.

{¶ 70} "59. At all times relevant to the allegations contained in Count 9, Respondent was not an attorney licensed to practice law in the State of Ohio or

before the federal bankruptcy court and was not qualified to provide legal representation on any matter.

**{¶ 71}** "**II.  AGREED RESOLUTION**

**{¶ 72}** "As set forth in Gov.Bar R. VII § 5b(C):

**{¶ 73}** " • Respondent admits that he was engaged in the unauthorized practice of law as set forth in the 'Agreed Facts' section of this consent decree, and thereby, admits the material allegations of the unauthorized practice of law as set forth in relator's Formal Complaint;

**{¶ 74}** " • The public is protected from future harm and any substantial injury is remedied by this consent decree;

**{¶ 75}** " • Respondent agrees to cease and desist from engaging in the unauthorized practice of law;

**{¶ 76}** " • Respondent agrees to cease and desist using the business name 'Bankruptcy For Less' or any similar name in connection with his bankruptcy – petition-preparer business.

**{¶ 77}** " • Respondent agrees to the imposition of civil penalties in the amount of $250 for each of the nine counts describing his unauthorized practice of law resulting in a total civil penalty of $2,250;

**{¶ 78}** " • This consent decree resolves the material allegations of the unauthorized practice of law; and

**{¶ 79}** " • This consent decree does not involve any public policy issues or encroach upon the jurisdiction of the Supreme Court to regulate the practice of law."

**{¶ 80}** Costs are taxed to respondent.

So ordered.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Philip A. King, Assistant Disciplinary Counsel, for relator.

Joseph-Mario Spates, pro se.

_____